Richard S. BENNETT et al., Plaintiffs
and Respondents,

v.

Arnel K. DOWNARD, Defendant and
Respondent,

Claris E. Johnson et al., Defendants
and Appellants.

No. 13740.

Supreme Court of Utah.

April 7, 1975.

George B. Handy, Ogden, for Johnson & Clark.

Paul Thatcher, of Young, Thatcher & Glasmann, Ogden, Joseph S. Nelson, Salt Lake City, for Bennett.

Philip R. Fishler, of Strong & Hanni, Salt Lake City, for Downard.

TUCKETT, Justice:

The plaintiffs commenced these proceedings seeking to recover for glass and other materials supplied to Downard, a contractor, which he used in the construction of a restaurant on the property owned by the defendants Johnson and Clark. Downard cross-complained for an amount equivalent to any judgment granted against him in favor of the plaintiffs and for a balance due on the contruction contract. From an adverse verdict and judgment entered in the court below the defendants Johnson and Clark appeal.

The Johnsons and Clarks were the owners of a tract of unimproved land in South Ogden, Weber County, Utah. On April 12, 1968, the Johnsons and Clarks entered into an agreement with Taco Siesta, Inc., for the construction of a restaurant upon the property. By the terms of the agreement Johnsons and Clarks were to supply the sum of $32,000 to cover the costs of construction and upon completion of the building the premises were to be leased to Taco Siesta for a term of years at a stipulated rent. The contract provided that Taco Si-

esta would engage a suitable contractor for the construction of the building in accordance with plans and specifications. Joe Lewis Wilkins was employed as architect to supervise the construction of the building, and on August 25, 1968, the architect entered into a construction contract with Downard which he signed "Joe Lewis Wilkins, Taco Siesta for Clair Johnson." The contract was prepared upon a form provided by the American Institute of Architects which required the contractor to pay labor and material and to construct the building for a contract price of $31,860. The Johnsons and Clarks demanded that Downard furnish a bond, which he did. The bond furnished ran only to the owner as obligee rather than "to all other persons as their interests may appear" which would include labor and material furnished as required by Section 14-2-1, U.C.A.1953.

The Johnsons and Clarks borrowed the sum of $32,000, which was their contribution to the construction of the building, from a bank in Salt Lake City, Utah. The proceeds of the loan were set up in a special account at the bank for the benefit of Johnsons and Clarks but under the control of an officer of the bank. Claris E. Johnson undertook to manage the construction on behalf of the owners during the course of the construction, and he dealt directly with the contractor Downard. As the progress payments became due, Downard would present Johnson with a statement of moneys owing subcontractors, material men and others, and Johnson and Downard would then go to the bank with the bills submitted by Downard, and the bank would issue its check to Johnson to cover the bills and the progress payment. Johnson deposited the bank checks in a special account he had with the other owners as partners and he as managing partner. Johnson then drew checks on the account payable to Downard and to subcontractors, but at no time did Johnson make any payment to Taco Siesta out of the account. During the performance of the contract, Downard dealt solely with Johnson. In the course of the construction, Johnson paid Downard or his subcontractors the sum of $29,179.81 out of which Downard was unable to pay for the material supplied by the plaintiffs.

When the balance owing the plaintiffs was not paid the plaintiffs' credit manager called Johnson and requested a copy of the bond. Johnson informed him that he did not have the bond but that he would supply a copy. Johnson also informed the credit manager the name of the insurance broker who supplied the bond, and a call to the broker revealed that the bond was not standard performance or payment bond as known to the construction industry, but only ran to the owner. The credit manager made further calls to Johnson for a copy of the bond but it was not supplied until suit was commenced.

The defendants Johnson and Clark defend on the basis that the contract entered into by them for the construction of the building was with Taco Siesta and that there was no privity of contract with the plaintiffs. The issues were submitted to the jury by a special verdict which required the jury to answer two interrogatories. Interrogatories and findings of the jury were as follows:

Q Do you find it proven by a preponderance of the evidence that Bennett's made demand upon defendant Johnson to exhibit the construction bond in question before the action was filed and that he did not reasonably comply?

A Yes.

Q Do you find it proven by a preponderance of the evidence that defendant Johnson was a party to the contract marked defendants' Exhibit 1? [The contract signed by the architect for Johnsons.]

A Yes.

Based upon the jury's findings the court entered judgment in favor of the plaintiffs and against the defendants Johnson and Clark, and also a judgment in favor of Downard in any amount Downard is forced to pay as a result of the judgment, and Downard was further awarded judg-

ment on his separate claims against the Johnsons and Clarks.

The Johnsons and Clarks having elected to treat the construction contract as one between them and Downard the contractor, they cannot now say they are not bound to assume the responsibility after they have received the benefits in the form of a completed building upon their land.[1] During the construction period the Johnsons and Clarks did not deal with Taco Siesta but rather dealt solely with Downard. The record is clear that Johnsons and Clarks did not pay out the full contract price to the contractor so that the contractor would have been able to pay the plaintiffs for the materials supplied. It appears that the verdict of the jury is based upon substantial evidence, and that the same should not be disturbed. The defendants Johnson and Clark, in view of the facts in evidence, were bound by the provisions of Section 14–2–1, U.C.A.1953,[2] and they were bound to pay for the materials furnished in making the improvement upon their land.

The judgment of the district court is affirmed. Plaintiffs are entitled to costs.

HENRIOD, C. J., and MAUGHAN, J., concur.

ELLETT, Justice (concurring and dissenting).

I agree with the holding in the main opinion making the landowners liable to the material man. Downard, the contractor, agreed to construct the building for $31,860. He was paid on the contract the sum of $29,179.81. The amount still due him would be $2,680.19. However, if the landowners are required to pay the judgment in favor of Bennett in the amount of $2,221, then they would owe the contractor the difference, or $459.19, together with interest.

If the contractor is required to pay the judgment, then he should recover from the landowners the sum of $2,680.19, which is the balance due on the contract, together with interest thereon.

The trial court gave judgment to Downard and against Johnson and Clark for the sum of $1,028.19, interest of $308.40, and costs of $17.50, or a total judgment of $1,354.09.

I dissent from the main opinion insofar as it affirms that part of the judgment.

I think the case should be remanded with directions to make the judgment conform to what is stated above. I would award no costs as between Downard and the Clarks and Johnsons.

CROCKETT, J., concurs in the views expressed in the concurring and dissenting opinion of Mr. Justice ELLETT.

1. Wooldridge v. Wareing, 120 Utah 514, 236 P.2d 341; Standard Coal Co. v. Stewart, 72 Utah 272, 269 P. 1014; McCaffrey v. Cronin, 140 Cal.App.2d 528, 295 P.2d 587; Parker v. Trefry, 58 Cal.App.2d 69, 136 P.2d 55; Garrett v. Kimbrel, 151 Colo. 95, 376 P.2d 376.

2. Boise-Payette Lumber Co. v. Phoenix Indemnity Co., 3 Utah 2d 150, 280 P.2d 448.